Dennis **GOETZ**, Plaintiff,

v.

**WINDSOR CENTRAL SCHOOL DISTRICT, John Hogan, Attorney for the Windsor Central School District, Officially and in his individual capacity, Gerald K. Quimby, Superintendent of Schools, Officially and in his individual capacity, Ellen R. Skoviera, School Business Executive, Officially and in her individual capacity, James Decker, Supervisor, Officially and in his individual capacity, Leo Mulcahy, Supervisor, Officially and in his individual capacity, Defendants.**

No. 81–CV–1079.

United States District Court, N.D. New York.

May 11, 1984.

Ronald R. Benjamin, Binghamton, N.Y., for plaintiff.

Coughlin & Gerhart, Binghamton, N.Y., for defendants; Frank W. Miller, Binghamton, N.Y., of counsel.

Roche & Woldenbreit, P.C., Albany, N.Y., for defendant Hogan; Stuart C. Henderson, Albany, N.Y., of counsel.

### MEMORANDUM–DECISION AND ORDER

McCURN, District Judge.

Plaintiff, Dennis Goetz, brings this action pursuant to 42 U.S.C. § 1983, alleging that defendants deprived him of property and liberty interests without due process of law by terminating his employment, stigmatizing him in the process, without conducting a pre-termination hearing. Presently before this court is a motion by defendant John Hogan, attorney for the defendant Windsor Central School District, seeking both dismissal of the complaint as to him pursuant to Fed.R.Civ.P. 12(b)(6) and attor-

ney's fees pursuant to 42 U.S.C. § 1988. For the reasons set forth below, the motion to dismiss the complaint as against Mr. Hogan is granted and the motion for attorney's fees is denied.

## BACKGROUND

Plaintiff was hired as a "cleaner" by the defendant School District on October 29, 1979 and became a permanent employee in April of 1980. In late 1980 through early 1981 there was a series of thefts at the School District Offices. The police were notifed and a formal investigation was commenced. The plaintiff was arrested for the thefts and shortly thereafter the plaintiff was terminated from his employment without any hearing.

Plaintiff then commenced the instant action pursuant to 42 U.S.C. § 1983 alleging deprivation of both a property interest in his employment and a liberty interest in his reputation. This court granted the defendants' motion for Summary Judgment and dismissed the entire action on the merits in June of 1982. *Goetz v. Windsor Central School District*, No. 81–CV–1079, (N.D. N.Y. June 14, 1982). The Second Circuit affirmed the decision regarding the property interest but remanded the liberty interest. *Goetz v. Windsor Central School District*, 698 F.2d 606 (2d Cir.1983). Plaintiff was thereafter allowed to amend his complaint to add John Hogan as a defendant.

Defendant Hogan is the attorney for the Windsor Central School District. Plaintiff alleges that Mr. Hogan caused the plaintiff to be unlawfully terminated without a hearing even though Mr. Hogan knew or should have known that plaintiff had a right to a pre- or post-termination hearing. Additionally plaintiff alleges that defendant Hogan advised the School District to direct its employees to remain silent regarding the reasons for Mr. Goetz's termination and later denied that he had in fact given such advice.

## DISCUSSION

■ A complaint shall be dismissed for failure to state a claim on which relief can be granted only when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957). In resolving a Rule 12(b)(6) motion, the allegations set forth in the complaint are to be construed in a light most favorable to the pleader and accepted as true. *Scheur v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974); *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 21 L.Ed.2d 80 (1957); *Green v. Maraio*, 722 F.2d 1013, 1015–1016 (2d Cir.1983).

■ To state a claim under 42 U.S.C. § 1983 the pleader must allege both (1) that the conduct complained of was committed by a person acting under color of state law, and (2) that the conduct complained of deprived the complainant of rights, privileges, or immunities secured by the Constitution or laws of the United States. *Burtnieks v. City of New York*, 716 F.2d 982, 986 (2d Cir.1983).

■ The conduct of an attorney acting in his professional capacity while representing his client does not constitute action under color of state law for the purposes of § 1983. *See Briscoe v. LaHue*, 460 U.S. 325, 103 S.Ct. 1108, 1113, n. 6 (1983); *Polk County v. Dodson*, 454 U.S. 312, 324–325, 102 S.Ct. 445, 453, 70 L.Ed.2d 509 (1981). The Supreme Court in *Briscoe* stated:

> [Section] 1983 does not create a remedy for all conduct that may result in violation of "rights, privileges, or immunities secured by the Constitution and laws." ... [I]t has been settled that the all encompassing language of § 1983, referring to "[e]very person" who, under color of law, deprives another of federal constitutional or statutory rights is not to be taken literally.

*Briscoe*, 103 S.Ct. at 1112–1113.

■ The complaint here does no more than allege that Mr. Hogan gave his client professional legal advice. There is no allegation that defendant Hogan has a direct

interest in this lawsuit or that he was acting in any capacity other than as a privately retained attorney. The conduct alleged in the complaint does not constitute action "under color of state law". Absent such allegations the complaint does not state a claim on which relief may be granted and the complaint against Mr. Hogan must be dismissed.

 Defendant Hogan also seeks attorney's fees pursuant to 42 U.S.C. § 1988. Section 1988 authorizes district courts to award reasonable attorney's fees to prevailing parties in civil rights litigation. A prevailing defendant, however, may not recover attorney's fees unless the suit is vexatious, frivolous or brought to harass or embarrass the defendant. *Hensley v. Eckerhart*, 461 U.S. 424, 103 S.Ct. 1933, 1937, n. 2, 76 L.Ed.2d 40 (1983). Defendant Hogan does not contend that this suit was brought to harass or embarrass him and there is no evidence that this suit was brought against him for that purpose. There is no indication or allegation that he was made a party in bad faith. Granting attorney's fees, therefore, is inappropriate.

Accordingly, the defendant's motion to dismiss the complaint as to him is granted and his motion for attorney's fees is denied.

IT IS SO ORDERED.